## Department of Corrections v. Brightwell

*Clifford D. Swift* and *David J. Horwitz,* for plaintiff. *Robert Kline,* for defendant.

OLER, *J.,* March 22, 1993—This action in equity for injunctive relief arises out of a hunger strike on the part

of the defendant, Bobby E. Brightwell, an inmate at the State Correctional Institution at Camp Hill, Cumberland County, Pennsylvania. The plaintiff, Commonwealth of Pennsylvania, Department of Corrections, State Correctional Institution at Camp Hill, requests a preliminary injunction to permit the involuntary administration of medical treatment with respect to the defendant. An ex parte preliminary injunction providing for such relief was entered by this court on March 17, 1993. Following a hearing on the issue of whether that preliminary injunction should be continued, vacated, or modified, on March 22, 1993, at which hearing the defendant was present with his court-appointed counsel, Robert Kline, Esquire, and the Commonwealth was represented by Clifford D. Swift, Esquire, and David L. Horwitz, Esquire, the following findings of fact, discussion, and order of court are made and entered:

## FINDINGS OF FACT

(1) The plaintiff in this action is the Commonwealth of Pennsylvania Department of Corrections, State Correctional Institution at Camp Hill.

(2) The defendant in this action is Bobby E. Brightwell, an inmate at the State Correctional Institution at Camp Hill.

(3) The defendant has recently engaged in a hunger strike, during which time he refused to take proper nourishment, as a result of which this court entered an ex parte preliminary injunction on March 17, 1993, in re-

sponse to a request from the Commonwealth; said injunction authorized the involuntary administration of medical treatment to the defendant.

(4) The hunger strike engaged in by the defendant endangered his health to a critical degree, and his tongue and lips became cracked, causing medical personnel at the institution to fear for his life.

(5) The present hunger strike was one of a series of such strikes by the defendant, and is rendered more serious because it has been preceded by damaging hunger strikes in the past. The involuntary administration of medical treatment was necessary to preserve the life of the defendant and may become necessary on short notice in the future should the defendant resume his hunger strikes as has been the pattern in the past.

(6) The effect of a hunger strike upon the inmate population at the institution, as well as upon the medical and other staff, is highly damaging; it places other inmates under severe stress, may lead to copycat behavior, and may cause the inmates to believe that the prison staff is hopeful that a given inmate will die.

(7) Although the defendant is presently taking nourishment voluntarily, the institution believes that it needs the authority to immediately administer treatment to him should he resume fasting because of his weakened condition due to prior hunger strikes.

(8) The court finds that the failure to issue the preliminary injunction requested in this case risks more harm than the issuance of the injunction; that the Common-

wealth's right to relief is clear; and that equitable relief is warranted in this case, the harm occasioned by the failure to issue the injunction being irreparable.

## DISCUSSION

The issue presented by this case has been decided by the Commonwealth Court in the case of *Commonwealth of Pennsylvania, Department of Public Welfare, Farview State Hospital v. Joseph Kallinger,* 134 Pa. Commw. 415, 580 A.2d 887 (1990). In *Kallinger,* the court held that the interests of the Commonwealth in prison security and discipline outweighed any right of privacy held by the prisoner in that case, who wished to starve himself; the court further held that, as a consequence, the Commonwealth does have a right in appropriate circumstances to force feed a prisoner. It is believed that the circumstances of this case parallel the facts in the *Kallinger* case.

For these reasons, the following order will be entered:

## ORDER

And now, March 22, 1993, upon consideration of the Commonwealth's petition for a preliminary injunction, and following a hearing, the preliminary injunction previously issued ex parte by this court on March 17, 1993, is continued in full force and effect, and Bobby E. Brightwell may be involuntarily administered medical treatment including, but not limited to, nutrition and hydration as may be medically necessary to preserve his health and life, pending the final adjudication of this matter, as is determined by the medical personnel duly charged with his care.